```
          UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT BLUEFIELD
```

**THERESA M. CHITTUM, et al.,**

    **Plaintiffs,**

**v.**                                           **Civil Action No: 1:04-0896**

**STATE AUTO INSURANCE COMPANIES,**

    **Defendant.**

<u>**MEMORANDUM OPINION**</u>

Before the court is Defendant State Auto Property & Casualty Insurance Company's (improperly named as State Auto Insurance Companies) motion for summary judgment (Doc. No. 9). The plaintiffs filed a response on October 18, 2004 (Doc. No. 12). The defendant filed a reply on October 22, 2004 (Doc. No. 15). The motion is thus ripe.[1] For the reasons detailed in this opinion, defendant's motion is GRANTED.

<u>I. Introduction</u>

The plaintiff filed this action on July 28, 2004, in the Circuit Court of Mercer County, West Virginia, seeking a declaration of the rights of the various parties under an insurance policy. The defendant removed this action on August 18, 2004, pursuant to 28 U.S.C. § 1332(a). The plaintiffs are all residents of West Virginia and the insurance policy involved has a policy

---

[1] The plaintiffs filed a supplemental memorandum in opposition to the motion for summary judgment on April 19, 2005 (Doc. No. 26). The court notes that this memorandum is filed nearly six months after the motion became ripe for ruling. Out of an abundance of caution, however, the court reviewed the memorandum and finds that it does not change the opinion of this court on the summary judgment motion.

limit of $300,000.00.  The defendant is a South Carolina corporation with its principal place of business in South Carolina.  Accordingly, this court properly has jurisdiction.

On October 9, 2003, plaintiff Theresa M. Chittum was involved in an automobile accident that resulted in serious injury.  The plaintiffs state that they have received some payments from other insurance policies but allege that they have not been fully compensated for plaintiff Theresa Chittum's injuries.  The plaintiffs assert that plaintiff Kenneth Chittum has an Underinsured Motorists policy underwritten by the defendant.  The plaintiffs assert that they have a right to recover under that policy.  The defendant denies the assertion that the plaintiffs are entitled to recover under the policy.

## II.  Standard for Summary Judgment

Turning to the issue of summary judgment, Rule 56 of the Federal Rules of Civil Procedure provides that

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56 (2003).  The moving party has the burden of establishing that there is no genuine issue as to any material fact.  See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met this burden, the burden then shifts to the nonmoving party to produce sufficient evidence for a jury to return a verdict for that party.

> The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.  The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find, by a preponderance of the evidence, that the plaintiff is entitled to a verdict . . . .

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Id.* at 250-251.  Finally, "[o]n summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion."  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

### III.  Analysis

The defendant asserts that plaintiffs have failed to demonstrate that Kenneth Chittum or Theressa Chittum are entitled to recover under the policy.  *See* Doc. No. 9 at 1.  The plaintiffs aver that Theresa Chittum can recover under the express terms of the insurance policy.  *See* Doc. No. 13 at 2-3.  There are two ways that Theresa Chittum can be covered under the policy.  First, she would be covered if she was driving in a covered automobile.  Second, she would be covered if she qualified under the family member provision of the policy because her husband was a named

3

insured.  As detailed below, Theresa Chittum does not meet the requirements to be covered under either possibility.  Accordingly, defendant's motion for summary judgment is granted.

Theresa Chittum is not covered by virtue of being in a covered automobile.  The policy only covers a 1999 Toyota with serial number 4T1BF18B0XU344283.  *See* Doc. No. 9, Ex. A at 3.  According to the police accident report, the car that Theresa Chittum was driving at the time of the accident was a 1999 Chevrolet with serial number 1GNEK13R6XR127882.  *See* Doc. No. 9, Ex. B at 1.  Therefore, Theresa Chittum was not driving in a covered automobile.  The plaintiffs do not dispute this in their response to the defendant's summary judgment motion.

The plaintiffs do argue, however, that Theresa Chittum is covered under the insurance policy by virtue of being a family member of a named insured.  *See* Doc. No. 13 at 2-3.  The plaintiffs allege that Kenneth Chittum is a named insured and that the policy covers the named insurer and any family member.  *Id.* at 3.  The plaintiffs are correct that the policy covers family members of named insured.  *See* Doc. No. 9, Ex. A.  That provision only applies, however, if the named insured is an individual.  *Id.*  When the named insured is other than an individual, the policy provides for different rules in determining who is an insured.[2]

---

[2] The policy outlines the following rules for determining who is an insured:
    B.  Who is an Insured
        If the Named Insured is designated in the Declarations as:
          1.  An individual, then the following are "insureds":
            a.   The Named Insured and any "family members."

4

The defendant disputes the allegation that Kenneth Chittum is a named insured. *See* Doc. No. 15 at 2. The policy by its plain terms lists only Chimart, Inc. d/b/a Five Star Food Mart as a named insured. *See* Doc. No. 9, Ex. A at 1-5. The only place that Kenneth Chittum's name is listed is under the list of drivers. *Id.* at 1. The plaintiffs have not cited any case law, nor has this court's search located any, which supports the proposition that a listed driver qualifies as a named insured in an automobile insurance policy. Moreover, there are several cases that stand for the opposite proposition that a listed driver is not equivalent to a named insured. *See Nationwide Mutual Insurance Co. v. Buffetta*, 230 F.3d 634, 639 n.3; *E.G. Griffin v. State Farm Mutual Automobile Insurance Co.*, 199 S.E.2d 101, 104 (Ga. 1973); *Nationwide Mutual Insurance Co. v. Williams*, 472 S.E.2d 220, 222-223 (N.C. 1996). Thus, Kenneth Chittum is not a named insured.

As the only named insured is a corporation, Theresa Chittum cannot be a family member of Chimart, Inc. *See Northern Insurance*

---

    b. Anyone else "occupying" or using a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.
    c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

  2. A partnership, limited liability company, corporation, or any other form of organization, then the following are "insureds":
    a. Anyone "occupying" or using a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of it breakdown, repair, servicing, "loss" or destruction.
    b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

*Company of New York v. Resinski*, 827 A.2d 1240, 1244 (Pa. 2003). Therefore, Theresa Chittum cannot qualify under the family member provision of the policy. Moreover, Theresa Chittum does not qualify as an insured under either provision detailing who is an insured when the corporation is the named insured. *See infra* at 4 n. *. As discussed above, the car she was driving was not a covered "auto." Additionally, there is no other "insured" involved through whom the plaintiffs have a right to recover. Therefore, Theresa Chittum was not an insured under the policy when her accident occurred. As such, the plaintiffs cannot recover under the policy. Accordingly, defendant's motion for summary judgment is granted.

## IV. Conclusion

The plaintiffs have failed to demonstrate that they are entitled to recover under the insurance policy at issue. Because the plaintiffs cannot establish a prima facie case, there is no genuine issue of material fact left for the court to resolve. Accordingly, defendant's motion for summary judgement is GRANTED.

The Clerk is directed to send copies of this Memorandum Opinion to all counsel of record.

It is SO ORDERED this 20th day of April, 2005.

ENTER:

David A. Faber
Chief Judge

6